UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
Kevin Cuzco,

                                          Plaintiff

        -against-

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOE, RICHARD ROE and other police officers
presently unknown to Plaintiff,

                                          Defendants.
----------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

1.    This civil rights action is brought to redress the violent acts of police abuse against Plaintiff Kevin Cuzco ("Plaintiff" or "Cuzco"), and his false arrest and false imprisonment. Plaintiff seeks to recover money damages because Defendants' conduct violated his rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Mr. Cuzco was deprived of his constitutional and common law rights when the individual Defendants utilized excessive force, committed an unwarranted and malicious assault and battery on him, falsely arrested him, and unlawfully confined him for approximately 26.5 hours.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon

this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derive from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and because the claims arose and Plaintiff resides in this district.

## PARTIES

5. Plaintiff Kevin Cuzco is a resident of Kings County, State of New York.

6. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

7. Defendants John Doe and Richard Roe and others whose identities and number are presently unknown to Plaintiff, are and were at all relevant times officers, employees and/or agents of the NYPD. They are sued in their official and individual capacities.

8. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and

officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

9. On November 21, 2015, at approximately 10:00 p.m., Plaintiff was in the vicinity of El Tesoro Ecuatoriano restaurant 4015 Fifth Avenue, Brooklyn, N.Y. 11232 (the "Restaurant"). The Restaurant, was owned and operated by Mr. Cuzco's parents, and Mr. Cuzco was employed there at the time.

10. During that evening, a fight among certain patrons had occurred at the Restaurant and multiple police officers arrived at the Restaurant.

11. While standing just outside the Restaurant, Plaintiff observed an NYPD member assaulting a patron of the restaurant. Specifically, the NYPD member was using his knee to repeatedly strike the patron, who was on the ground. Plaintiff asked the NYPD member to stop kicking or "kneeing" the patron.

12. Mr. Cuzco was then pushed by a another police officer and, as a result of this officer's pushes and his and other officers' menacing conduct, Mr. Cuzco backed up to into the Restaurant.

13. While inside the Restaurant, Mr. Cuzco continued to back up further within the restaurant, due to the several police officers menacing conduct.

14. Inside the restaurant, Mr. Cuzco was thrown to the floor and beaten by at least two police officers.

3

15. More specifically, police officers, *inter alia*, hit Mr. Cuzco with a baton, punched him multiple times, and one officer thrust his knee into Mr. Cuzco's temple.

16. Plaintiff did not strike or attempt to strike any of the police officers.

17. Mr. Cuzco was then arrested without lawful reason or probable cause.

18. He was held in police custody for approximately 26.5 hours.

19. Mr. Cuzco was charged with obstructing governmental administration. The court ordered an adjournment in contemplation of dismissal. As six months have elapsed, the charge was dismissed.

20. The assault on Plaintiff by the NYPD members was in excess of their rightful authority as NYPD officers and was made without proper cause.

21. Defendants' conduct caused Plaintiff to sustain physical pain and injury, including a wound on his head which required five staples, and to suffer psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, and demonstrated a callous indifference to and willful disregard of Plaintiff's federal and state protected rights.

22. On February 17, 2016, a notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

23. A 50-h hearing was held on July 20, 2016.

24. At all relevant times Defendants were acting under color of state law.

## FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

25. Plaintiff realleges each and every allegation set forth above.

4

26. Defendant police officers, who were acting in concert and within the scope of their authority, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

27. Plaintiff suffered injury as a result of Defendant police officers' conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment Right

28. Plaintiff realleges each and every allegation set forth above.

29. The use of excessive force by Defendant police officers, acting in concert, in restraining and striking Plaintiff was an objectively unreasonable physical seizure of Plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

30. Plaintiff suffered injury as a result of Defendant police officers' conduct.

## THIRD CLAIM FOR RELIEF

### Assault

31. Plaintiff realleges each and every allegation set forth above.

32. Defendant police officers, acting within the scope of their employment, intentionally, willfully and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in violent and/or overt menacing acts, which threatened such contact to Plaintiff, and that such acts caused reasonable apprehension of such contact in Plaintiff.

33. Defendant police officers were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD. The City of New York and the NYPD are responsible for Defendant police officers' conduct.

34. Plaintiff suffered injury as a result of Defendant police officers' conduct.

35. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF

#### Battery

36. Plaintiff realleges each and every allegation set forth above.

37. The Defendant police officers, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff when they, in a hostile and/or offensive manner, struck Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such batteries.

38. Defendant police officers were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

39. Plaintiff suffered injury as a result of Defendant police officers' conduct.

40. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FIFTH CLAIM FOR RELIEF

#### False Arrest and False Imprisonment

41. Plaintiff realleges each and every allegation set forth above.

6

42. The acts and conduct of the Defendant police officers constitute false arrest and false imprisonment of Plaintiff under the laws of the State of New York. Defendants intended to confine Plaintiff, and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

43. Defendant police officers were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

44. Plaintiff suffered injury as a result of Defendants' conduct.

45. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF

### Negligent Hiring, Retention, Training and Supervision

46. Plaintiff realleges each and every allegation set forth above.

47. Defendant the City of New York and its employees, servants and/or agents acting within the scope of their employment negligently hired, retained, train and supervised Defendant police officers, who were unfit for the performance of police duties on November 21, 2015, at the aforementioned location.

48. Plaintiff suffered injury as a result of the conduct of defendant City of New York.

49. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

50. Plaintiff hereby demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief as follows:

A.  That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B.  That the Plaintiff recover the cost of this suit, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.

C.  That the Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:   October 28, 2016
         New York, New York

SIEGEL TEITELBAUM & EVANS, LLP

By: /s/ Sharon Sprayregen

Sharon Sprayregen
Herbert Teitelbaum
260 Madison Avenue, 22nd Floor
New York, NY 10016
(212) 455-0300
ssprayregen@stellp.com

ATTORNEYS FOR PLAINTIFF